UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ROBERT M. DREW, a/k/a King Druid,
*Defendant-Appellant.*

No. 01-4126

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca B. Smith, District Judge.
(CR-00-39)

Submitted: October 31, 2001

Decided: November 16, 2001

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Brian Donnelly, PRICE, PERKINS, LARKIN & DONNELLY, Virginia Beach, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Robert J. Krask, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Robert M. Drew appeals his jury conviction under the Computer Fraud and Abuse Act (CFAA) for knowingly and intentionally causing the transmission of a program, information, or code, without authorization, which resulted in damage to a protected computer in violation of 18 U.S.C.A. § 1030(a)(5)(A) (West 2000). The court sentenced Drew to fifteen months' imprisonment. Drew asserts the district court erred by: (1) applying § 1030(a)(5) to his sending large quantities of e-mails to ESI's server; and (2) improperly instructing the jury as to the elements of § 1030(a)(5). Because Drew failed to raise these claims before the district court, we have reviewed them for plain error, and we find none. *See United States v. Olano*, 507 U.S. 725, 732 (1993); Fed. R. Crim. P. 52(b).

After reviewing the statutory language of § 1030, we conclude Drew's claim that § 1030 does not apply to his actions must fail. The statute's unambiguous language clearly criminalizes Drew's conduct of bombarding ESI with massive numbers of e-mail messages. Furthermore, the trial transcript discloses the jury was correctly instructed as to the elements of section (a)(5)(A). Therefore, we conclude the district court committed no plain error.

Accordingly, we affirm Drew's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*